UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANJALI WARD,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>    Defendants. | Case No. 5:19-cv-00531-EJD<br><br>**ORDER DENYING MOTION FOR TEMPROARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 3 |

    Anjali Ward has brought claims alleging that the County of Santa Cruz and three social workers have violated her rights to raise her child and to be free from harassment. She now moves for a temporary restraining order to enjoin Defendants from seizing her infant son.[1] For the reasons stated below, the Court DENIES the Motion.

    Ward alleges the following facts: On January 14, 2019, she gave birth to a healthy baby boy, W, at a hospital in Santa Cruz, California. Dkt. 1 at 3. While at the hospital, two social workers, including Defendant Renee Palmer, entered her room to discuss her older child CW, to ask about her past drug use, and to ask whether she needed any services. *Id.* at 3-4. Ward asked for a business card so that she could contact the social workers after leaving the hospital. *Id.* at 4. Palmer gave Ward her business card, and then Palmer and the other social worker left. *Id.*

    The next day, six police officers arrived at the home of Ward's mother asking to check on W's welfare. *Id.* Ward was not present at the time, and it is not clear whether Ward's mother

---

[1] Plaintiff's Motion also raises four additional "issues to be decided," but these are questions of law or fact, not requests for injunctive action. Dkt. 3 at 2. Accordingly the Court does not address them at this time.

Case No.: 5:19-cv-00531-EJD
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

1

allowed the police officers into her home. *Id.*; Dkt. 3 at 3. About a week later, Defendants Krystle Stringer and Toni Nestore, accompanied by six police officers, came to Ward's home in Concord, California to conduct a welfare check of W. Stringer asked whether she could come in. Dkt. 1 at 5. It is not clear whether Stringer or any of the police officers entered the residence.

Ward also alleges that Palmer has unlawfully looked in her mailbox, and that Palmer falsely told Stringer and Nestore that Ward had agreed to meet with the social workers. Dkt. 1 at 4-5; Dkt. 3 at 3-4. Ward's filings indicate that her older child, CW, was previously removed from her custody. Dkt. 1 at 4, 9.

A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To succeed here, Ward must establish that "(1) [she] is likely to succeed on the merits; (2) [she] is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in [her] favor; and (4) an injunction is in the public interest." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014).

For Ward's claims to have any chance of success, she must show that she has standing. *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 551 (1996). Courts are "required to raise issues of standing" on their own, if necessary. *Biggs v. Best, Best & Krieger*, 189 F.3d 989, 998 n.7 (9th Cir. 1999). To meet the requirements for standing, Ward must show "(1) an injury-in-fact; (2) a causal connection between the injury-in-fact and defendants' conduct; and (3) a likelihood that the injury-in-fact will be redressed by a favorable decision." *Osborne v. Cty. of Riverside*, 385 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations and quotations omitted).

The Court finds that Ward is unlikely to meet the standing requirements. She has not alleged any invasion of a legally protected right that is "actual and imminent." While she alleged that Defendants visited her hospital room and have attempted to conduct two child welfare checks,

Case No.: 5:19-cv-00531-EJD
ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
2

she has not alleged that that they unlawfully searched her or her home, or seized her person or her property. Nor has she alleged any facts showing that she is at risk of Defendants unlawfully kidnapping W.

Because Ward cannot meet the first requirement for a temporary restraining order, the Court DENIES her motion.

**IT IS SO ORDERED.**

Dated: February 4, 2019

EDWARD J. DAVILA
United States District Judge